J-S44028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICHARD LAMONT KEMPER | |
| Appellant | No. 51 WDA 2015 |

Appeal from the PCRA Order entered December 18, 2014
In the Court of Common Pleas of Allegheny  County
Criminal Division at No: CP-02-CR-0008374-2001

BEFORE:  LAZARUS, STABILE, and JENKINS, JJ.

JUDGMENT ORDER BY STABILE, J.:                    **FILED MARCH 8, 2016**

Appellant, Richard Lamont Kemper, appeals from the order entered on December 18, 2014 in the Court of Common Pleas of Allegheny County, denying as untimely his petition for collateral relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Appellant argues the PCRA court erred in determining the United States Supreme Court's decision in **Miller v. Alabama**, 132 S.Ct. 2455 (2012), should not be applied retroactively to his sentence of mandatory life without parole for a murder committed when he was 16 years old.  In light of the United States Supreme Court's decision in **Montgomery v. Louisiana**, ___ U.S. ___, 2016 WL 280758 (filed January 25, 2016, as revised on January 27, 2016), we reverse and remand.

In the wake of **Montgomery**, our Supreme Court began issuing *per curiam* orders on February 11, 2016, granting petitions for allowance of appeal on the issue of whether the petitioners' sentences violate **Miller's** prohibition against mandatory life sentences for juvenile offenders. In granting those petitions, our Supreme Court recognized that **Montgomery** directs that **Miller** must be applied retroactively by the States. Accordingly, our Supreme Court has vacated the orders of this Court and remanded the cases for further proceedings consistent with **Montgomery.** In each instance, our Supreme Court ordered that, "[t]o the extent necessary, leave is to be granted to amend the post-conviction petition to assert the jurisdictional provision of the [PCRA] extending to the recognition of constitutional rights by the Supreme Court of the United States which it deems to be retroactive. **See** 42 Pa.C.S. § 9545(b)(1)(iii)." **See, e.g., Commonwealth v. Cristina**, 183 WAL 2015 (Pa. filed February 11, 2016) at 1; **Commonwealth v. Phelps**, 678 MAL 2015 (Pa. filed February 11, 2016) at 1. In reversing and remanding Appellant's case, we likewise grant leave to amend the post-conviction petition, to the extent necessary, to assert the timeliness exception of § 9545(b)(1)(iii).[1]

---

[1] We acknowledge this Court's recent Opinion in **Commonwealth v. Secreti**, 578 WDA 2015 (Pa. Super. filed February 9, 2016), holding that "the best resolution . . . is to interpret **Montgomery** as making retroactivity under **Miller** effective as of the date of the **Miller** decision" and announcing that "the **Miller** rule of law 'has been held' [is] retroactive for purposes of
*(Footnote Continued Next Page)*

Order reversed. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2016

---

*(Footnote Continued)* ————————————

collateral review as of the date of the **Miller** decision on June 25, 2012 [and t]he date of the **Montgomery** decision (January 25, 2016, as revised on January 27, 2016) will control for purposes of the 60-day rule in Section 9545(b)(2)." **Id.** (Slip Op. at 10-11). While we agree with the objective the **Secreti** panel attempts to achieve, our concern that it is at odds with the statutory language of the PCRA, and in particular with the provisions of § 9545(b), compels us to defer to the procedure now directed by our Supreme Court.